UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY CHARLES CLEVELAND,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>T DENNISON, et al.,<br><br>　　　　　Defendants. | Civil No. 06cv1578-WQH (BLM)<br><br>**ORDER GRANTING EXTENSION OF TIME FOR SERVICE OF COMPLAINT**<br><br>**[Doc. No. 14]** |

**INTRODUCTION AND BACKGROUND**

Plaintiff, an inmate currently incarcerated at the Salinas Valley State Prison in Soledad, California, is proceeding *pro se* with this civil rights action filed pursuant to 42 U.S.C. § 1983. On October 3, 2006, the district judge granted Plaintiff leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) and, finding his Complaint survived the initial screening provisions of 28 U.S.C. § 1915(e)(2) and § 1915A, directed the United States Marshals Service ("USMS") to effect service pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1915(d). Doc. No. 6. The district judge further directed the Clerk of the Court to issue the Summons and to provide Plaintiff with a certified

1  copy of the Complaint and a blank USMS Form 285 for each defendant
2  named in the Complaint.  Id.; see also 28 U.S.C. § 1915(d); Fed. R.
3  Civ. P. 4(a), (c)(2).

4  On December 13, 2006, Plaintiff filed a document entitled
5  "Notice of Motion and Motion for Order to Demand All Incoming Legal
6  Mail be Issued and Not Withhold Incoming Legal Mail Returned From
7  United States Marshals Office."  Doc. No. 10.  Therein, Plaintiff
8  alleged that he sent the USMS two boxes containing copies of the
9  Complaint and a completed USMS Form 285 for each defendant.  Id.
10 Plaintiff attached to his motion a form from the USMS dated October
11 24, 2006, which explained that the USMS was returning one box to
12 Plaintiff because it was too disorganized to be served and that the
13 USMS would retain the second box until Plaintiff organized and
14 returned the first box.  Id.; Doc. No. 14, Ex. A.  The form further
15 notified Plaintiff that if he did not return the box to the USMS by
16 the end of November, the USMS intended to return the second box to
17 him as well.  Doc. No. 10.  Plaintiff alleged that the prison was
18 withholding the returned box from him, thereby preventing him from
19 effecting service on any of the defendants.  Id.

20 By order dated December 22, 2006, this Court ordered Salinas
21 Valley State Prison to turn over to Plaintiff, within two days of
22 being provided with a copy of the order, any boxes from the USMS
23 within its possession[1] that contained legal pleadings related to
24 this case.  Doc. No. 11.

25 On February 5, 2007, the Court received a document from
26 Plaintiff entitled "Plaintiff's Access to the Court's Has Been

---

[1] Subject, of course, to California prison regulations defining appropriate procedural safeguards that are necessary to protect institutional security.

Deliberately Obstructed by Prison Officials Destroying Complaint and Summons." Doc. No. 14. In this application for relief, Plaintiff explains that, though he sent two boxes containing complaints and service forms for each defendant to the USMS, the USMS has not served any of the defendants.[2] Moreover, because some of the pleadings in the box that the USMS returned to him had been destroyed (Plaintiff alleges that prison officials damaged the documents), Plaintiff is unable to discern which pleadings he must resubmit to the USMS for service. Plaintiff, therefore, requests that the Court (a) order the USMS to provide Plaintiff with a list of the names of the defendants for whom it already has complaints and service forms (i.e. the ones in the box the USMS retained) and (b) forward blank USMS Form 285 service forms and AO 440 summons forms to him so that he may resubmit the appropriate documentation.

## DISCUSSION

As an initial matter, this Court construes Plaintiff's February 5, 2007 request as an application for extension of time for service under Rule 4(m) of the Federal Rules of Civil Procedure. Rule 4(m) requires that a summons and complaint be served upon the defendant within 120 days of the filing of the complaint. Fed. R. Civ. P. 4(m). However, courts that have addressed the issue have determined that where the plaintiff has sought leave to proceed *in forma pauperis*, "the 120-day limitation of Rule 4(m) does not begin 'until the clerk stamps the complaint 'filed' following an order granting in forma pauperis status...'" Matthews v. Marten Transp., Ltd., 354 F. Supp. 2d 899, 902 (W.D. Wis. 2005) (quoting

---

[2] It is unclear from Plaintiff's application whether he received this Court's December 22, 2006 Order, but it is apparent that the missing box eventually was returned to Plaintiff.

1 | Williams-Guice v. Bd. of Educ. of the City of Chicago, 45 F.3d 161,
2 | 162 (7th Cir. 1995)). Here, the district judge granted Plaintiff's
3 | motion to proceed *in forma pauperis* on October 2, 2006, and the
4 | summons issued the same day. Doc. Nos. 6 and 7. More than 120 days
5 | have elapsed since that time. Thus, even if the Court were to grant
6 | the relief Plaintiff seeks, the USMS would be unlikely to effect
7 | service because the service period has expired.

8 | Under Rule 4(m), the Court may extend the time for service
9 | for an appropriate period upon a showing of "good cause." Fed. R.
10 | Civ. P. 4(m). "[A]n incarcerated pro se plaintiff proceeding in
11 | forma pauperis is entitled to rely on the U.S. Marshal for service
12 | of the summons and complaint and ... should not be penalized by
13 | having his action dismissed for failure to effect service where the
14 | U.S. Marshal or the court clerk has failed to perform his
15 | duties...." Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990).
16 | So long as the prisoner has "provided the necessary information to
17 | help effectuate service," the USMS's failure to effect service may
18 | be good cause to extend time to serve under Rule 4(m). See id.; see
19 | also Sellers v. United States, 902 F.2d 598, 602 (7th Cir. 1990)
20 | ("Marshal's failure to accomplish the task is automatically 'good
21 | cause'"). In this case, it is unclear why the USMS did not serve
22 | the box of complaints and service forms that it implicitly
23 | acknowledged were orderly and ready for service. Because Plaintiff
24 | satisfied his obligation to provide the USMS with information
25 | necessary to identify the defendants, the USMS's failure to serve
26 | the defendants named on the service forms in that box constitutes
27 | good cause. As for the box that was returned to Plaintiff,
28 | Plaintiff alleges that he sent the complaints and service forms in

neatly organized bundles and some external force (allegedly prison corrections officers) damaged the pleadings prior to sending them to the USMS. Accepting Plaintiff's allegations as true[3], the Court finds that this too provides sufficient good cause to excuse Plaintiff's failure to serve the defendants in a timely manner. Accordingly, the Court finds good cause to grant Plaintiff's application for an extension of time to serve the defendants. See In re Sheehan, 253 F.3d 507, 513 (9th Cir. 2001) (district courts have broad discretion under Rule 4(m) to extend time for service even without a showing of good cause); Mann v. American Airlines, 324 F.3d 1088, 1090 (9th Cir. 2003) (holding that district court may, under the broad discretion granted by Rule 4(m), extend time for service retroactively after the 120-day service period has expired).

**CONCLUSION AND ORDER**

Good cause appearing, **IT IS HEREBY ORDERED** that:

(1) Plaintiff's application for an extension of time to serve the defendants is **GRANTED;**

(2) Plaintiff's application for an order requiring that he be provided with twenty-one additional copies of USMS Form 285 service forms is **GRANTED;** and,

///

---

[3] At this stage of the litigation, the Court accepts Plaintiff's factual allegations as true because Plaintiff's request for relief essentially seeks to avoid dismissal for want of prosecution. See Swierkiewicz v. Sorema N. A., 534 U.S. 506, 508 n.1 (2002) (in deciding a motion to dismiss, the court "must accept as true all of the factual allegations contained in the complaint"); McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991) (confirming that pleadings of pro se plaintiff proceeding with § 1983 claim are to be construed liberally and that the plaintiff is to be afforded the benefit of any doubt).

1    (3) The Clerk of the Court: (a) prepare and provide Plaintiff with a new "IFP package" which includes certified copies of the Summons and Complaint for service upon each of the twenty-one defendants[4], a copy of the Court's October 2, 2006 Order Granting IFP and Directing U.S. Marshal to effect service per Rule 4(c)(2) and 28 U.S.C. § 1915(d) [Doc. No. 6], and one USMS Form 285 for each defendant listed in the Complaint, as well as a copy of this Order.

**IT IS FURTHER ORDERED** that:

(4) Good cause for extending the time permitted for service under Rule 4(m) having been shown, Plaintiff shall complete one USMS Form 285 for each defendant named in his Complaint and provide the USMS a copy of the Complaint and Summons for each defendant **within 45 days of the filing of this Order.**  The USMS shall thereafter serve each defendant, as directed by Plaintiff on a USMS Form 285, **within 30 days of receipt**. All costs of service shall be advanced by the United States.  See 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(2).

(5) Each defendant served is thereafter **ORDERED** to respond to the Complaint within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure. See 42 U.S.C. § 1997e(g)(2) (while defendants occasionally may be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the court has conducted its *sua sponte* screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, made a preliminary determination based on the face on the

---

[4]   Because there is no indication on the docket that the USMS attempted to serve any of the defendants, the Clerk of the Court is directed to prepare a new "IFP Packet" for each of the twenty-one named defendants.

```
```

1  pleading alone that the plaintiff has a "reasonable opportunity to
2  prevail on the merits," the defendants are required to respond).
3        (6)  Plaintiff shall serve upon Defendants or, if appearance
4  has been entered by counsel, upon Defendants' counsel, a copy of
5  every further pleading or other document submitted for consideration
6  of the Court.  Plaintiff shall include with the original paper to be
7  filed with the Clerk of the Court a certificate stating the manner
8  in which a true and correct copy of any document was served on
9  Defendants, or counsel for Defendants, and the date of service.  Any
10 paper received by the Court which has not been filed with the Clerk
11 or which fails to include a certificate of service will be
12 disregarded.
13        **IT IS SO ORDERED.**
14 DATED:  February 22, 2007

16                              BARBARA L. MAJOR
                                United States Magistrate Judge

21 COPY TO:
22
   HONORABLE WILLIAM Q. HAYES
23 UNITED STATES DISTRICT JUDGE

24 ALL COUNSEL AND PARTIES

-7-                                    06cv1578-WQH (BLM)