# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY CHARLES CLEVELAND,<br><br>　　　　　　　Plaintiff,<br>vs.<br>T. DENNISON, et al.,<br><br>　　　　　　　Defendants. | CASE NO. 06CV1578 WQH (BLM)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

HAYES, Judge:

　　Pending before the Court is the Report and Recommendation of Magistrate Judge Barbara L. Major, recommending that the Court grant in part, and deny in part, Defendants' motion to dismiss. (Doc. # 56).

## BACKGROUND

　　On August 8, 2006, Plaintiff Larry Charles Cleveland, a state prisoner proceeding pro se, filed the Complaint in this matter and asserted violations of 42 U.S.C. § 1983 and the Americans with Disabilities Act (ADA) against numerous correctional officers and employees. (Doc. # 1). The Complaint alleges ten enumerated claims and four unenumerated claims for excessive force, denial of medical care, and violations of Plaintiff's rights to equal protection and access to the courts, among other things. Counts 1-3 relate to a physical altercation between Plaintiff and Defendants which occurred on May 17, 2004, Counts 4 and 5 relate to an alleged ongoing violation of Plaintiff's right to access to the courts, and Counts 6-10 relate to incidents which occurred on August 6, 2004, and October 12, 2004. An unenumerated eleventh claim alleges that Defendants violated Plaintiff's rights

under the ADA, and three other unenumerated claims allege that Defendants retaliated and committed other wrongs against Plaintiff. (Doc. # 1).

On May 11, 2007, Defendants filed a motion to dismiss the Complaint and a request for judicial notice in support of the motion to dismiss. (Doc. # 43). On July 16, 2007, Plaintiff filed an opposition to the motion to dismiss. (Doc. # 50). On July 23, 2007, Defendants filed a reply. (Doc. # 54).

On December 4, 2007, Magistrate Judge Barbara L. Major issued a Report and Recommendation recommending that this Court deny Defendants' motion to dismiss Plaintiff's ADA claim against Defendant Moreno, and grant Defendants' motion to dismiss the remaining claims and Defendants. (Doc. # 56). The Report and Recommendation concluded that Plaintiff failed to exhaust his administrative remedies for Counts 1-3, 6-10, and the unenumerated claims relating to the events of November 12, 2004, because Plaintiff failed to file his complaint with prison officials within 15 days of the incidents as required by 15 C.C.R. § 3084.6(c). *Report and Recommendation R & R)* at 6-21. The Report and Recommendation concluded that Plaintiff's Counts 4 and 5 should be dismissed because Plaintiff failed to allege an actual injury and a specific instance when he was denied access to the courts. *R & R* at 26-27, 30. The Report and Recommendation concluded that Plaintiff's section 1983 claims against Defendants Cota and Stovall should be dismissed because Plaintiff does not have a constitutional right to a prison grievance system and the complaints filed against Cota and Stovall were untimely. *R & R* at 31-32.

The Report and Recommendation concluded that Plaintiff failed to serve Defendants Staneff, Avila, Hill, Merto, Ortiz, Graham and Camacho, and thus, the Magistrate Judge recommends that the Court dismiss the claims against those Defendants.

With respect to Plaintiff's claim pursuant to the ADA, the Report and Recommendation concluded that Defendant Moreno is not entitled to qualified immunity. *R & R* at 38-40. Accordingly, the Report and Recommendation recommends denying the motion to dismiss Plaintiff's ADA claim.

On January 28, 2008, Plaintiff filed Objections to the Report and Recommendation. (Doc # 59). Plaintiff objects to the Report and Recommendation's conclusion that Plaintiff failed to exhaust his administrative remedies with respect to Counts 1-3 and 6-10. Specifically, Plaintiff claims that

he filed timely appeals on April 11 and 25, 2005, and that therefore he exhausted his administrative remedies. *Objections* at 13. Plaintiff further states that he filed for and was granted a postponement of his disciplinary hearing on May 24, 2004, which extended his time to file an administrative grievance. *Objections* at 14, Ex. A.

On February 15, 2008, Defendants filed a reply to Plaintiff's objections. (Doc. # 60). Defendants state that the Plaintiff's April, 2005 appeals did not exhaust Counts 1-3 and 6-10 because Plaintiff never postponed or sought postponement of the time to file an administrative grievance. *Reply to Plaintiff's Objections* at 2.

**STANDARD OF REVIEW**

The duties of a District Court in connection with a Magistrate Judge's Report and Recommendation are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). Where the parties object to a Report and Recommendation, "[a] judge of the [district] court shall make a de novo determination of those portions of the [Report and Recommendation] to which objection is made." 28 U.S.C. § 636(b)(1); *see Thomas v. Arn*, 474 U.S. 140, 149-150 (1985). When no objections are filed, the District Court need not review de novo the Report and Recommendation. *Wang v. Masaitis*. 416 F.3d 992, 1000 n. 13 (9th Cir. 2005); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc). A District Court may always, "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *Wilkins v. Ramirez*, 435 F. Supp. 2d 1080, 1088 (S.D. Cal. 2006); *Or. Natural Desert Ass'n v. Rasmussen*, 451 F. Supp. 2d. 1202, 1205 (D. Or. 2006).

**DISCUSSION**

Plaintiff's objections to the Report and Recommendation contend that Plaintiff exhausted Counts 1-3 and 7-10, which Counts relate to the incidents which occurred on May 17, and October 12, 2004. *Objections* at 6-14. Accordingly, the Court will review de novo those portions of the Magistrate Judge's Report and Recommendation which pertain to those Counts.

Under 42 U.S.C. § 1997e(a), "no action shall be brought under [42 U.S.C. § 1983] by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This includes actions for excessive force or

some other wrong. *Porter v. Nussle*, 534 U.S. 516, 534 (2002). The California Code of Regulations provides that inmates "may appeal any department decision, action, condition, or policy which they can demonstrate as having an adverse effect on their welfare." 15 C.C.R. § 3084.1(a). This administrative process requires that, " a[n] appellant must submit the appeal within 15 working days of the event or decision being appealed." 15 C.C.R. § 3084.6(c). "[I]n deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the Court may look beyond the pleadings and decide disputed issues of fact." *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003).

Plaintiff objects to the Magistrate Judge's finding that Plaintiff failed to file a timely grievance regarding the actions of Defendants on May 17, and October 12, 2004. *Objections* at 6-13. Plaintiff contends that he filed for and received a postponement of his disciplinary hearing on May 24, 2004, and that his appeals, which he filed on April 11 and April 25, 2005, were timely filed within the 15 day period after the prison held his postponed disciplinary hearing on April 6, 2005. *Objections* at 12. After reviewing the record and Plaintiff's Objections to the Report and Recommendation, the Court finds that Plaintiff did in fact file for and receive a postponement of his May 24, 2004, disciplinary hearing. *Compl.*, Ex. A. However, the disciplinary hearing which was postponed pertained to allegations brought by the prison against Plaintiff, and do not bear on Plaintiff's allegations against Defendants. *Compl.*, Ex. A.; *Objections*, Ex. A. Indeed, the postponement and disciplinary hearing did not pertain to or involve in any way a claim made by Plaintiff against any Defendant. The Court finds that the postponed disciplinary hearing has no bearing on whether Plaintiff timely filed an administrative grievance related to the incidents of May 17, 2004, and October 12, 2004.

According to the Declaration of Appeals Coordinator at the Richard J. Donovan Corrections Facility, J.T. Stovall, regarding the May 17, 2004 incident:

> [t]he appeals log and copies of appeals maintained by the Appeal Office, which are kept in the ordinary course of business at or near the time this Office receives an inmate appeal, show that Plaintiff did not properly file or exhaust any such appeal at the institutional level.

*Decl. of J,T. Stovall* at ¶ 7. With respect to the October 12, 2004, incident, Plaintiff did not file any kind of affirmative administrative grievance until February 16, 2005, when he filed a citizens

1  complaint. (Doc. # 1 at 62).

2  The Court finds that the Magistrate Judge correctly found that the Plaintiff did not file any grievance or appeal with respect to the May 17, 2004, incident until April 11, 2005, over ten months after the grievance was required to be filed under the California Code of Regulations. *R & R* at 10; 15 C.C.R. § 4084.6. In addition, the Court finds that the Magistrate Judge correctly found that Plaintiff did not timely file a grievance or appeal with respect to the October 12, 2004, incident until February 15, 2005, approximately four months after the fifteen-day filing window closed. *R & R* at 18; *Compl.*, Ex. F, *Objections*, Ex. D. Accordingly, the Court concludes that the Magistrate Judge correctly concluded that Plaintiff failed to exhaust his administrative remedies regarding the incidents of May 17, and October 12, 2004, which relate to Counts 1-3 and 7-10 of the Complaint, respectively. *R & R* at 11-12, 19.

Neither party has objected to the Report and Recommendation with respect to Counts 4-6, the remaining unenumerated claims, and dismissal of the unserved Defendants. After reviewing the Report and Recommendation with respect to those issues, the Court finds that the Magistrate Judge correctly concluded that Counts 4-6 and the unenumerated claims alleging violations of Plaintiff's rights under § 1983 and denial of access to the courts should be dismissed. The Court further finds that the Magistrate Judge correctly concluded that the remaining unserved Defendants should be dismissed. Finally, the Court concludes that Plaintiff's claim pursuant to the ADA against Defendant Moreno should not be dismissed on grounds of qualified immunity.

## CONCLUSION

IT IS HEREBY ORDERED that the Report and Recommendation (Doc # 56) is adopted in its entirety. Defendants' motion to dismiss (Doc. # 43) Counts 1-10 and the unenumerated claims alleging violations of Plaintiff's rights under § 1983 and denial of access to the courts is GRANTED. Defendants' motion to dismiss Plaintiff's ADA claim against Defendant Moreno is DENIED.

**IT IS SO ORDERED.**

DATED: March 6, 2008

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge