UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY CHARLES CLEVELAND,<br><br>            Plaintiff,<br><br>v.<br><br>T DENNISON, et al.,<br><br>            Defendants. | Civil No. 06cv1578-WQH (BLM)<br><br>**REPORT AND RECOMMENDATION FOR ORDER GRANTING DEFENDANT MORENO'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>**[Doc. No. 68]** |

This Report and Recommendation is submitted to United States District Judge William Q. Hayes pursuant to 28 U.S.C. § 636(b) and Local Civil Rules 72.1(c) and 72.3(f) of the United States District Court for the Southern District of California.

On August 8, 2006, Plaintiff Larry Charles Cleveland, a former state prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights suit against several defendants under 42 U.S.C. § 1983 and the Americans with Disabilities Act (42 U.S.C. § 12101 *et seq.*). Doc. No. 1. The Court granted Defendant Schwarzenegger's motion to dismiss on August 10, 2007 [Doc. No. 55] and dismissed all of the remaining Defendants and claims, except for Plaintiff's Americans with Disabilities Act ("ADA") claim against Defendant

1  Moreno, on March 6, 2008 [Doc. No. 61].

2  Defendant Moreno filed an answer to the Complaint on June 25, 2008. Doc. No. 67. The same day, Defendant Moreno filed a motion for judgment on the pleadings as to the last remaining claim. Doc. No. 68. Plaintiff did not oppose the motion.[1]

6  This Court finds the issue appropriate for decision on the papers and without oral argument pursuant to Local Civil Rule 7.1.(d)(1). See Doc. No. 69. The Court has considered the Complaint, Defendant Moreno's motion, and all supporting documents submitted by the parties. For the reasons set forth below, this Court **RECOMMENDS** that Defendant Moreno's Motion for Judgment on the Pleadings [Doc. No. 69] be **GRANTED.**

### **LEGAL STANDARD**

14  Rule 12(c) of the Federal Rules of Civil Procedure provides: "[a]fter the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "[J]udgment on the pleadings is properly granted when, taking all the allegations in the [non-moving party's] pleadings as true, the moving party is entitled to judgment as a matter of law." Rose v. Chase Bank USA, N.A., 513 F.3d 1032, 1036

---

[1] This Court's Civil Local Rules require that each party opposing a motion file an opposition or statement of non-opposition no later than 14 *calendar* days prior to the noticed hearing. CivLR (7.1(e)(2) (emphasis in original). Civil Local Rule 7.1(f)(3)(c) provides that "[i]f an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court." CivLR 7.1(f)(3)(c). Accordingly, this Court could construe Plaintiff's failure to oppose Defendant Moreno's motion as a consent to the granting of the motion. However, in light of Plaintiff's *pro se* status, the Court will address the motion on the merits.

(9th Cir. 2008) (quoting <u>Milne ex rel. Coyne v. Stephen Slesinger, Inc.</u>, 430 F.3d 1036, 1042 (9th Cir. 2005)); <u>Fajardo v. County of Los Angeles</u>, 179 F.3d 698, 699 (9th Cir. 1999) (same). Generally, if matters outside the pleadings are presented to and considered by the court, the motion must be converted into a Rule 56 motion for summary judgment and the parties given a reasonable opportunity to present additional material. Fed. R. Civ. P. 12(d); <u>Bingue v. Prunchak</u>, 512 F.3d 1169, 1172 n.4 (9th Cir. 2008).

**DISCUSSION**

Plaintiff contends that Defendant Moreno violated the ADA by denying him the use of his medically-prescribed orthopedic shoes from May 17, 2004 through July 25, 2005, when Plaintiff was housed in administrative segregation at the R.J. Donovan Correctional Facility. Compl. at 65. In his motion, Defendant Moreno argues that he is entitled to judgment on the pleadings because Plaintiff's factual allegations fail to state a claim for an ADA violation. Mem. P. & A. Supp. Def. Moreno's Mot. for Judgment on the Pleadings ("Def.'s Mem.") at 3-7. Additionally, Defendant Moreno asserts that his motion must be granted because the ADA does not authorize lawsuits against state officials sued in their individual capacities. <u>Id.</u> at 7-8.

Because Defendant Moreno is correct that a public official cannot be sued in his individual capacity under 42 U.S.C. § 1983 predicated upon an alleged violation of the ADA, the Court need not reach Defendant Moreno's first argument. In 2002, the Ninth Circuit joined the Fifth, Eighth, and Eleventh Circuits in holding that "a plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in [his or] her individual capacity to vindicate

rights created by Title II of the ADA..." Vinson v. Thomas, 288 F.3d 1145, 1155-56 (9th Cir. 2002). Since then, district courts within the Ninth Circuit consistently have followed Vinson and denied § 1983 claims premised upon ADA violations by state officials acting in their individual capacities. See, e.g., Gary v. Hawthron, 2007 WL 2781098, *2 (S.D. Cal. 2007) (dismissing Plaintiff's ADA claim pursuant to Rule 12(b)(6)); Sartain v. Scribner, 2008 WL 2312772, *1 (E.D. Cal. 2008) (adopting magistrate judge's recommendation to dismiss for failure to state a claim following initial screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)); Sartain v. Meyers, 2008 WL 731046, *8 (C.D. Cal. 2008) (granting state officials' motion for summary judgment because "as a matter of law, [Defendants] are not liable in their individual capacities for the alleged violations of the ADA").

In this case, Plaintiff clearly states in his Complaint that he is suing Defendant Moreno in his individual capacity for violating Plaintiff's rights under the ADA. Compl. at 8, 80. Moreover, Plaintiff captioned the Complaint as arising under 42 U.S.C. § 1983 and asserts this federal question as the basis for this Court's jurisdiction. As such, even if the Court accepts as true all of the allegations set forth in the Complaint regarding the denial of Plaintiff's orthopedic shoes, see Rose, 513 F.3d at 1036, Plaintiff fails to state a claim for violation of the ADA because the face of his Complaint alleges an individual cause of action under § 1983 that cannot stand, Vinson, 288 F.3d at 1155-56 (holding that the ADA does not provide for § 1983 actions against state officials in their individual capacities). Defendant Moreno, therefore, is entitled to judgment as a matter of law, Rose, 513

1 F.3d at 1036, and this Court **RECOMMENDS** that Defendant Moreno's
2 motion for judgment on the pleadings pursuant to Rule 12(c) be
3 **GRANTED.**

### CONCLUSION

For all the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the District Court issue an Order: (1) approving and adopting this Report and Recommendation, (2) granting Defendant Moreno's motion for judgment on the pleadings, and (3) dismissing the case.

**IT IS HEREBY ORDERED** that any written objections to this Report must be filed with the Court and served on all parties **no later than August 29, 2008**. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties **no later than September 12, 2008**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).

DATED: August 14, 2008

BARBARA L. MAJOR
United States Magistrate Judge

COPY TO:

HONORABLE WILLIAM Q. HAYES
UNITED STATES DISTRICT JUDGE

ALL COUNSEL AND PARTIES